# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00773-CV

**Phillip G. Scott, Appellant**

**v.**

**New Braunfels Municipal Court, Appellee**

### FROM THE MUNICIPAL COURT OF THE CITY OF NEW BRAUNFELS

## M E M O R A N D U M   O P I N I O N

Phillip G. Scott filed a notice of appeal on December 7, 2022, purporting to appeal from a proceeding occurring in the municipal court of the City of New Braunfels and seeking dismissal of the criminal charges against him. However, the notice of appeal does not identify a final and appealable order or judgment from which Scott is seeking relief and over which we would have jurisdiction to consider, and his notice of appeal indicates that no judicial determination has yet occurred. *See* Tex. R. App. P. 25.1(d)(2) (requiring notice of appeal to state date of judgment or order appealed from); *see also* Tex. Civ. Prac. & Rem. Code § 51.012 (authorizing appeal "from a final judgment of the district or county court"); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal). On February 10, 2023, the Clerk of this Court sent notice to Scott asking him to explain how this Court may exercise jurisdiction over this appeal and warning him

that failure to do so may result in the dismissal of this appeal. Smith's response was due on or before February 21, 2023. To date, no response has been filed, and we must conclude that we have no jurisdiction over this appeal.

To the extent that Scott's filing could be construed as an application for writ of habeas corpus rather than a notice of appeal, we would be unable to provide the requested relief. This Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (explaining that appellate courts "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (authorizing habeas-corpus jurisdiction for intermediate appellate courts where person's liberty is restrained "by virtue of order, process, or commitment issued by" court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). "As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only." *See In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.).

Similarly, to the extent that Smith's filing could be viewed as a petition for writ of mandamus, he would not be entitled to his requested relief. To be entitled to relief, Smith has the burden of providing this Court "with a sufficient petition and record to establish his right to mandamus relief." *See In re Martin*, No. 13-10-00336-CR, 2010 WL 2643086, at *1 (Tex. App.—Austin June 25, 2010, orig. proceeding) (mem. op., not designated for publication). In particular, Smith was required to file an appendix containing, among other things, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k). Further, Smith was required to file a record containing sworn

copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding." *Id.* R. 52.7(a). Smith has failed to meet these requirements and, therefore, failed to provide a petition and record that are sufficient to establish his right to the requested relief. *See In re Martin*, 2010 WL 2643086, at \*1; *In re Randle*, No. 01-07-00598-CR, 2007 WL 2129074, at \*1 (Tex. App.—Houston [1st Dist.] July 26, 2007, orig. proceeding) (mem. op., not designated for publication).

For these reasons, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), (c).

_____
Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: March 3, 2023

3